PEOPLE v TORRENCE

Opinion of the Court

1. Criminal Law—Plea of Guilty—Voluntariness of Plea—Emotional Pressure.

A defendant's plea of guilty should be vacated and the case remanded for trial where the defendant claims that her plea was not freely, understandingly, and voluntarily made and where it is clear from the record that at the time of the plea and sentencing the defendant was experiencing considerable emotional pressure because of her pregnancy and her attempts to obtain an abortion.

Dissent by Danhof, C. J.

2. Criminal Law—Plea of Guilty—Reversal of Conviction.

*Reversal of a conviction based on a defendant's plea of guilty is not warranted where the record discloses no error in the plea-taking, the defendant does not assert her innocence and the defendant has not moved the lower court for withdrawal of her guilty plea, and the defendant's claim that her plea was involuntarily made is not supported by the record.*

Appeal from Berrien, Julian E. Hughes, J. Submitted December 6, 1977, at Lansing. (Docket No. 30791.) Decided February 6, 1978. In lieu of leave to appeal the Court of Appeals is reversed and the judgment and sentence of the trial court is hereby reinstated, 402 Mich 937.

Dianne Torrence was convicted, on her plea of guilty, of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 485.
[2] 21 Am Jur 2d, Criminal Law §§ 495, 506.

*Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Chris W. Dunfield,* Assistant Prosecuting Attorney, for the people.

*James K. Jesse,* for defendant on appeal.

Before: DANHOF, C. J., and T. M. BURNS and M. J. Kelly, JJ.

M. J. KELLY, J. Defendant appeals from her July 6, 1976, plea-based conviction for second-degree murder, MCLA 750.317; MSA 28.549. Defendant contends that her plea was not freely, understandingly, and voluntarily made as required by MCLA 768.35; MSA 28.1058. We reverse because the record below indicates that the guilty plea was the product of a compelling but extraneous consideration.

It is clear from the record that the defendant, four and one-half months pregnant at the time of the plea, was consumed with getting an abortion. Defendant had been incarcerated for 60 days at the time of sentencing. The plea was taken the day before. Her attorney requested bond so she could "exercise her constitutional right to an abortion". A writ of mandamus was denied. Bond was denied. She already had five young children. The record indicates that she had less than six days, according to the Department of Social Services, to abort, otherwise no clinic would accept her. In fact, at one point in the plea proceedings defense counsel claimed she would have to be transported on the very day of the plea. The issue was avoided by sentencing her at 3 p.m. the next day thus passing the buck to the Department of Corrections. The record does not indicate whether she ultimately obtained the abortion. A suicide attempt later in the Detroit House of Correction may or

may not have had something to do with the pregnancy. There is no record, however, on that subject.

The record is permeated with indicia that defendant was experiencing considerable emotional pressure. The plea of guilty is vacated and the case remanded for trial.

T. M. Burns, J., concurred.

Danhof, C. J. *(dissenting)*. I dissent. The reason for reversal set forth by the majority consists of sheer speculation not borne out by the record. The record does show that the lower court took a recess during the plea proceeding to allow the defendant to recompose herself. This is not unusual. The record discloses no error in the plea taking; the majority relies on the allegations of the defendant. The defendant does not assert her innocence nor has she moved the lower court for withdrawal of her guilty plea and consequently, since the present record does not support defendant's claims, reversal is not warranted.